UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MORRIS SHUBIN, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. SACV 13-0146-DTB <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

**BACKGROUND**

Plaintiff filed a Complaint herein on January 30, 2013, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. In accordance with the Court's Case Management Order, plaintiff filed a Motion for Summary Judgment on May 1, 2013, and defendant filed her Cross-Motion for Summary Judgment on May 29, 2013. The matter was taken under submission and on November 13, 2013, the Court issued an Order Reversing Decision of Commissioner and Remanding for Further Administrative Proceedings. On January 9, 2014, the Court ordered an award of attorney's fees pursuant to the Equal Access

---

[1] The Court substitutes in the proper defendant. Fed. R. Civ. P. 25(d).

to Justice Act for the amount of $2,550.00. Thereafter, following further administrative proceedings, plaintiff received a favorable decision awarding her Title II benefits. After plaintiff's back-due Title II benefits were processed, $28,142.73 was withheld by defendant as 25% of plaintiff's past-due benefits award for the payment of attorney's fees.

On January 6, 2015, plaintiff's counsel filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) ("Motion") along with a supporting Memorandum of Points and Authorities and a Declaration of Brian C. Shapiro ("Counsel"), in support thereof. Counsel seeks a fee award for work performed before this Court in the gross sum of $15,000.00. On the same day, defendant filed a Response to the Motion ("Response") wherein she advised the Court that the Commissioner was not taking a position on the reasonableness of Counsel's fee request. (Response at 5.)

For the reasons set forth below, the Court GRANTS plaintiff's Motion.

## APPLICABLE LAW

Section 406(b)(1) of Title 42 provides:

Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

As construed by the United States Supreme Court, section 406(b) does not replace an attorney-client agreement as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, section 406(b) calls for a court to review an attorney fee arrangement in such circumstances as an independent check, to assure that they yield reasonable results in particular cases. The only limitation provided by Congress is that such agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (citations omitted).

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." Id. at 808. The Court appropriately may reduce counsel's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. Id. (citations omitted).

## DISCUSSION

Attached to plaintiff's Motion is a copy of the fully executed fee agreement with plaintiff, which, *inter alia*, provides that Counsel shall be entitled to a contingency fee of 25 percent of any back benefits received. (Motion, Exhibit 1; Shapiro Decl. at ¶ 2.) Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing plaintiff in her action before this Court. Further, the requested section 406(b) fee does not exceed the 25 percent of plaintiff's past-due benefits authorized by the contingent fee agreement in this case or the statutory cap, and Counsel's efforts ultimately proved quite successful for plaintiff.

/ / /

/ / /

/ / /

1    Moreover, the fees sought translate into an hourly rate of $1,020.40 for
2 attorney and paralegal services ($15,000.00 [amount of award sought] divided by
3 14.7 [total hours worked]).[2] (Motion Mem. at 3; Motion, Exh. 4; Shapiro Decl. at
4 ¶ 5.) Based on existing authority, the fee requested is not so inordinately large in
5 comparison with the number of hours spent by Counsel on the case that it would
6 represent a windfall to Counsel. Accordingly, the Court finds that such an hourly
7 rate is reasonable for an attorney with over 15 years of experience. (See Shapiro
8 Decl. at ¶ 7.)
9    Pursuant to Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is
10 unable to find that a comparison of the benefits secured and the time Counsel spent
11 on the matter suggests the unreasonableness of the fee sought. Therefore, the Court
12 concludes that "the fee sought is reasonable for the services rendered," within the
13 meaning of Gisbrecht.
14 / / /
15 / / /
16 / / /

---

[2] Post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates similar to those sought here. See Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. 2010) (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"); Droke v. Barnhart, 2005 WL 2174397, at *1-2 (W.D. Tenn. 2005) (finding that an hourly rate of $830.82 for 17.9 hours of work was not unreasonable); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W.Va. 2003) (rejecting Commissioner's argument that an hourly rate of $1,433.12 for 12.56 hours of work represents a windfall); Brown v. Barnhart, 270 F.Supp.2d 769, 772-73 (W.D. Va. 2003) (awarding hourly rate of $977.20 for 6.14 hours of work before the district court); Hearn v. Barnhart, 262 F.Supp.2d 1033, 1036-37 (N.D. Cal. 2003) (awarding an hourly rate of approximately $450.00 pursuant to a contingent fee agreement and collecting post-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $187.55 to $694.44).

**ORDER**

Section 406(b) fees are allowed in the gross amount of $15,000.00, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits. Counsel shall reimburse plaintiff in the amount of $2,550.00 previously paid by the Government under the Equal Access to Justice Act.

DATED: January 15, 2015

/s/ David T. Bristow

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE